ROY McJUNKINS v. STATE.

No. A-5799. Opinion Filed Sept. 18, 1926.
(249 Pac. 158.)

John Dillard Rutherford, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county for manslaughter in the first degree and sentenced to serve a term of 25 years in the penitentiary. Both the defendant, the deceased, and the witness to the difficulty were negroes. The difficulty arose about as follows: Defendant, a young man, was at his home being shaved by a witness Jim Johnson, when deceased, who was about 19 years old, went into the house and opened a jar of fruit belonging to defendant's father. Defendant on learning of this ordered deceased from the place and a quarrel took place. There is some evidence that defendant at the time cut deceased with a razor. However, that is denied. Deceased at the time had a rock in his hand and made threats against defendant. Deceased then left and went to his home, and defendant procured a pistol and in a short time went to the room of the janitor at a school building and in a few minutes deceased with a Winchester rifle came to the school building. Some quarreling took place, and defendant shot deceased three times, inflicting wounds from which he died. Defendant testified that he had started up the road and saw the defendant coming with a Winchester and went to the room of the janitor to avoid him; that at the time he shot deceased he acted in his necessary self-defense; that deceased was attempting to shoot him with a Winchester. The state contends that defendant called deceased from the highway into the school ground where the janitor resided, that defendant and deceased had agreed to abandon their difficulty when defendant opened fire, and that deceased made no attempt to shoot but fled.

It is argued that the court erred in admitting incom-

petent evidence prejudicial to defendant. This assignment is directed to evidence tending to show that after the first quarrel at the house of defendant defendant probably stole the revolver with which the shooting was done. Since the defendant admitted having the revolver and admitted the shooting, we fail to see how it was material where he procured the revolver. The evidence was incompetent and should have been excluded.

It is also contended that the verdict is not supported by the evidence and that the punishment is excessive. It is impossible to reconcile the evidence of the state and the defendant. The various eyewitnesses to the difficulties who testified for the state had a more extended acquaintance with the deceased than they had with defendant. The deceased was not free from fault in the first difficulty, and his procuring a Winchester and returning to the place where defendant was clearly indicates that he was willing to enter into a combat with defendant. Defendant was apparently equally willing to engage in a combat. If the evidence of the state is to be believed, the homicide was at the least manslaughter in the first degree; if that of the defendant, the homicide was justifiable or at most manslaughter in the second degree. The credibility of the witnesses and the facts proven were matters for the determination of the jury. We believe that the punishment of 25 years assessed, under the facts shown, is excessive, and the sentence is modified by reducing it to 15 years, and, as modified, the judgment is affirmed.

BESSEY, P. J., and DOYLE, J. concur.